# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 1404011405 |
| | ) | |
| WILLIAM D. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 9, 2017
Decided: July 11, 2017

**Upon Defendant's Motion for Modification of Sentence:
DENIED**

**Upon Defendant's Motion for Correction of Illegal Sentence:
DENIED**

**Upon Defendant's Motion for New Trial:
DENIED**

This 11th day of July, 2017, upon consideration of William D. Anderson's Motion for Modification of Sentence (the "Modification Motion"), Motion for Correction of Illegal Sentence (the "Correction Motion"), Motion for a New Trial (the "Trial Motion"), and the record in this case, it appears to the Court that:

1.      Anderson was convicted on January 28, 2015 of Assault Second Degree. The assault charge involved an altercation between Anderson and Gary Staffieri, who was Anderson's coworker at the Auto Mart in Elsmere, Delaware. At trial, Staffieri testified Anderson approached Staffieri while he was retrieving a battery from a back room and the next thing Staffieri remembered was waking up

outside with a lump on his head. Another co-worker, Ricardo Reyes, testified that he witnessed the incident between Anderson and Staffieri, that Staffieri struck Anderson with his knee, and that Anderson then pushed and struck Staffieri. Reyes left the scene to get a supervisor and, when he returned, saw Staffieri having seizures, shaking, and with a large lump on his head. Finally, Elsmere Police Officer Andrew Davis testified that he interviewed Staffieri while he was receiving treatment at the hospital and that Staffieri reported that Anderson struck him in the head.

2. In his defense, Anderson called the owner of Auto Mart, Allan Bobb, who testified that Staffieri's demeanor was unusual on the day of the incident and that Staffieri admitted drinking alcohol that morning. Anderson also testified in his own defense. He admitted striking Staffieri, but stated he only did so because Staffieri kneed him in the abdomen. The jury found Anderson guilty of assaulting Staffieri.

3. On February 20, 2015, after trial but before sentencing, the trial judge received a letter from a juror (the "Juror Letter"), who stated she felt "very unsettled about the 'guilty' verdict."[1] The juror indicated she "felt Mr. Staffieri was equally, if not *MORE* at fault since he had been drinking that morning and is

---

[1] D.I. 46, Ex. B.

the one who offered the first 'knee to the groin[.'] . . . [I]t felt *terribly* wrong pinning the charge solely on Mr. Anderson."[2] The juror continued:

> During deliberations, there were 3 points in the packet of information that I sensed corralled us into a guilty verdict, and regardless of what the "law" states, that was unjust, to say the least. Again, I felt they were *both* at fault.
>
> Having said all of that, I hope that justice is served equally somehow, and that Mr. Anderson does not receive the full weight of what should be appropriated to both men in this case.[3]

The trial judge forwarded the letter to the parties upon receipt.

4.      After his conviction, Anderson was sentenced on May 29, 2015 to eight years at Level V, with credit for 30 days previously served, suspended after three years for decreasing levels of partial incarceration and probation.[4] Pursuant to 11 *Del. C.* § 4204(k), the sentencing judge ordered Anderson to serve the unsuspended Level V portion of his sentence without the benefit of any form of early release. Under Section 4204(k)(1), this Court may "direct as a condition to a sentence of imprisonment . . . that all or a specified portion of said sentence shall be served without benefit of any form of early release, good time, furlough, work release, supervised custody[,] or any other form of reduction or diminution of sentence."

---

[2] *Id.*
[3] *Id.*
[4] D.I. 33.

3

5. The Delaware Supreme Court affirmed Anderson's conviction and sentence on appeal.[5] Since that time, Anderson has filed motions for postconviction relief and sentence modification, both of which were denied.[6]

6. Anderson now seeks modification or correction of his sentence, along with a new trial. Anderson argues he is entitled to a new trial because he believes there is a possibility the jury may have received improper and extraneous information that influenced the verdict. Anderson also seeks to remove the Section 4204(k) restriction from his sentence, arguing the sentence either is illegal under Rule 35(a) or should be modified under Rule 35(b).

**A. Anderson's Trial Motion is Untimely and Lacks Merit.**

7. Anderson's Trial Motion is both untimely and without merit under Superior Court Criminal Rule 33 ("Rule 33"). Pointing to the portion of the Juror Letter that states "there were 3 points in the packet of information that I sensed corralled us into a guilty verdict," Anderson argues he is entitled to an evidentiary hearing (and, presumably a new trial) to explore "[w]hat was contained in the packet of information."[7] Anderson speculates the "packet" may have been the result of prosecutorial misconduct or may have contained "extraneous prejudicial information." Anderson argues he is entitled to explore those questions so he

---

[5] *Anderson v. State*, 133 A.3d 202 (Del. Feb. 15, 2016) (TABLE).
[6] *See* D.I. 50, 47.
[7] D.I. 53 at ¶ 7.

4

might prove a "reasonable probability of juror taint due to egregious circumstances that are inherently prejudicial."[8]

8. Under Rule 33, a motion for a new trial based on newly discovered evidence must be made within two years of the final judgment. A motion seeking a new trial on any basis other than newly discovered evidence must be filed within seven days of the verdict.[9] Were Anderson's motion based on new evidence, it would be timely.[10] In my view, however, the motion is based not on new evidence regarding Anderson's culpability, but rather on Anderson's theory that the jury received extraneous, prejudicial information.[11]

9. Even if Anderson's motion was timely, however, it does not state a basis to grant Anderson either a new trial or even an evidentiary hearing regarding juror conduct. Although Anderson speculates that the "packet of information" referenced in the Juror Letter may have been materials not introduced at trial but submitted to the jury improperly, there is nothing in the record to support such a conclusion. Even a cursory reading of the Juror Letter indicates the writer was

---

[8] D.I. 53 at ¶¶ 7-9.
[9] Super. Ct. Crim. R. 33. *See also id.* R. 45(b) (the time period contained in Rule 33 may not be extended).
[10] The judgment in Anderson's case was final in February 2016, when the Supreme Court affirmed his conviction on appeal.
[11] *See, e.g. Hicks v. State*, 913 A.2d 1189, 1193-94 (Del. 2006) (holding that to grant a motion for a new trial based on newly discovered evidence, the trial court must conclude: "(1) the evidence is of such a nature that it would have probably changed the result if presented to the jury; (2) the evidence was newly discovered; i.e., it must have been discovered since trial and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence; and (3) the evidence must not be merely cumulative or impeaching.").

referring to the jury instructions as a "packet of information."[12] A juror's concerns or disagreement with the law or the State's decision to pursue the case is not newly discovered evidence that probably would change the jury's verdict.

**B. Anderson's Sentence was Not Illegal.**

10. Anderson next argues his sentence must be modified under Superior Court Criminal Rule 35 ("Rule 35") because the Section 4204(k) portion of his sentence illegally was imposed. Anderson contends his sentence was inconsistent with Section 4204(k)(3), which provides, in effect, that the Court may preclude reduction or diminution of a sentence only for Level V sentences of (i) one year or less, or (ii) the maximum sentence available for the crime or offense. Anderson argues he was sentenced to more than one year, but less than the statutory maximum, and therefore his sentence conflicts with Section 4204(k)(3).

11. Anderson's argument reflects a misunderstanding of Section 4204(k)(3). Anderson was sentenced to the maximum Level V sentence available for Assault Second.[13] A portion of that sentence was suspended for Levels IV and III. As the Delaware Supreme Court explained in *Owens v. State*: "Read together, subsections 4204(k)(1) and (3) allow a trial court to suspend a portion of the maximum sentence and refuse to award specified benefits that would effectively

---

[12] *See* D.I. 53, Ex. A ("During deliberations, there were 3 points in the packet of information that I sensed corralled us into a guilty verdict, and *regardless of what the "law" states*, that was unjust, to say the least.") (emphasis added).

[13] *See* 11 *Del. C.* §§ 612; 4205(b)(4).

diminish the unsuspended portion of the sentence."[14] In other words, a judge may impose Section 4204(k) as long as the judge imposes the maximum Level V sentence available, even if the judge suspends a portion of that maximum sentence. That is precisely the sentence imposed in Anderson's case.

**C. Anderson's Request to Modify his Sentence is Untimely and Repetitive.**

12. Finally, Anderson seeks to modify his sentence to remove the Section 4204(k) provision because he has completed numerous programs while incarcerated and has been rehabilitated. Anderson requested similar relief in a Rule 35 motion filed in June 2016, which this Court denied as untimely. The Modification Motion similarly is untimely because it was not filed within 90 days of sentencing. The Modification Motion also is barred as repetitive. Unlike the 90-day time limit in Rule 35, which may be excused under "exceptional circumstances," Rule 35(b) prohibits all repetitive motions without exception.[15] Accordingly, this Court may not modify Anderson's sentence under Rule 35(b).

---

[14] 2013 WL 6536758, at *2 (Del. Dec. 9, 2013).
[15] *State v. Redden*, 111 A.3d 602, 608-09 (Del. Super. 2015)

For all the foregoing reasons, William D. Anderson's Motion for New Trial, Motion for Correction of Illegal Sentence, and Motion for Modification of Sentence are **DENIED. IT IS SO ORDERED**.

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Jenna Milecki, Deputy Attorney General
       William D. Anderson (SBI No. 00292886)